JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MAEVE COURTNEY,

        Plaintiff,

  v.

USI INSURANCE SERVICES, LLC, and DUKE TOMEI,

        Defendants.

Case No.: SACV 21-01522-CJC(KESx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 15] AND REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT**

## I. INTRODUCTION

On August 9, 2021, Plaintiff Maeve Courtney filed this action in Orange County Superior Court alleging employment discrimination against her former employer, Defendant USI Insurance Services, LLC ("USI"), and her former supervisor, Defendant Duke Tomei (Tomei). (*See* Dkt. 1-1 [Original Complaint].) Defendants removed the action to this Court on September 16, 2021, asserting diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Although Plaintiff and Tomei are both residents of California, Defendants argued that Tomei had been fraudulently joined to defeat diversity jurisdiction because employment discrimination claims cannot be maintained against individuals like Tomei. (NOR at 4-7.) After removal, Defendants moved to dismiss the employment discrimination claims against Tomei. (Dkt. 9 [Defendants' First Motion to Dismiss].) The Court granted that motion. (Dkt. 13 [Order Granting Defendants' First Motion to Dismiss].) However, just before the Court issued its Order Granting Defendants' Motion to Dismiss, Plaintiff filed an amended complaint raising a harassment claim against Tomei, (Dkt. 12 [First Amended Complaint, hereinafter "FAC"]), a claim which can be brought against individuals under California law, *see* Cal. Gov't Code § 12940(j)(1). The Court then issued a clarification that its Order Granting Defendants' Motion to Dismiss did not affect Plaintiff's First Amended Complaint. (Dkt. 16 [Clarification on Dkts. 12-13].) Now before the Court is Plaintiff's Motion to Remand, (Dkt. 15-1 [Motion to Remand, hereinafter "MTR"]), and Defendants' Motion to Dismiss Plaintiff's harassment claim against Tomei, (Dkt. 18 [Defendants' Second Motion to Dismiss]). For the following reasons, Plaintiff's Motion to Remand is **GRANTED**. Consequently, the Court lacks jurisdiction to rule on Defendants' Motion to Dismiss.[1]

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 29, 2021 at 1:30 p.m. is hereby vacated and off calendar.

## II. BACKGROUND

Plaintiff alleges that she worked at USI as a "Producer" (or salesperson) beginning around October 2018 and initially excelled in the role. (FAC ¶¶ 16-17.) Tomei joined USI in late 2019 as a "Practice Leader," a role which gave him supervisory authority over Plaintiff. (FAC ¶ 18.) Plaintiff alleges that Tomei's leadership proved to be "toxic and abusive toward women." (*Id.*) In her complaint, Plaintiff provides "a few examples" of Tomei's misconduct, including that he told Plaintiff and another female colleague that "women should use what they were born with to land business," (*id.* ¶ 18(a)), denied Plaintiff flexibility in her work schedule to attend to her autistic son while granting that same flexibility to Plaintiff's male counterpart, (*id.* ¶ 18(b)), refused Plaintiff's request for training while granting that same training to Plaintiff's male counterpart, (*id.* ¶ 18(c)), placed Plaintiff on a Performance Improvement Plan ("PIP") even though her performance metrics were the same as those of some of her male counterparts who were not placed on a PIP, (*id.* ¶¶ 24, 27), and directed other supervisors to treat Plaintiff differently due to her gender, including not acknowledging her during a meeting and telling her to "move on from" a certain large sale opportunity, (*id.* ¶¶ 31-32). Plaintiff alleges that one of her female coworkers informed her that she too was being treated differently by Tomei due to her gender. (*Id.* ¶ 19.) USI terminated Plaintiff's employment on October 29, 2020. (*Id.* ¶ 37.)

## III. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and possess "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits where

more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

## IV. DISCUSSION

Federal courts only have diversity jurisdiction over a matter if the parties are completely diverse. *See* 28 U.S.C. § 1332(a). Plaintiff argues that that requirement is not met here, as both she and Tomei are citizens of California. (Mot. at 6.) Defendants do not dispute Tomei's citizenship but instead assert that he was fraudulently joined and cannot be used to destroy complete diversity. (Dkt. 22 [Defendant's Opposition to Plaintiff's Motion to Transfer, hereinafter "Opp."] at 11-19.) The Court finds that Tomei was not fraudulently joined.

Fraudulently joined defendants do not defeat diversity jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Thus, when a sufficient showing of fraudulent joinder is made, a court will not consider the citizenship of the fraudulently joined party when determining whether there is complete diversity in a case. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "A defendant invoking diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against fraudulent joinder." *Id*. (internal quotations omitted). Defendants can establish fraudulent joinder only by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey*, 139 F.3d at 1318. This is an exacting standard because "if there is a possibility that a state court would find that the complaint states a cause of action

against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Joinder is only fraudulent when a plaintiff's claims against the resident defendant fail "and the failure is obvious according to the settled rules of the state." *Id*. at 1043. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

The tests for fraudulent joinder and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are not equivalent.[2] *See Grancare*, 889 F.3d at 549 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits.") Even if a plaintiff's claims against a defendant could not withstand a 12(b)(6) motion, that does not mean that the defendant has been fraudulently joined. *See id*. In *Grancare*, the Ninth Circuit emphasized that on a motion to remand, the focus is on whether there is a "*possibility* that a state court would find the complaint states a cause of action against any of the [non-diverse] defendants." *Id*. (emphasis in original) (internal quotation and citation omitted). The Ninth Circuit explained that the standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims for lack of federal question jurisdiction. *Id*. A court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id*. at 550. When determining whether a defendant was fraudulently joined, "all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of remand to state court." *Hunter*, 582 F.3d at 104 at 1042.

---

[2] Defendants ignore the Ninth Circuit's decision in *Grancare* and improperly equate the motion to remand standard with the lower motion to dismiss standard throughout their opposition. (*See* Opp. at 12.)

The Fair Employment and Housing Act ("FEHA") prohibits an employer from harassing an employee on the basis of, among other protected grounds, the employee's gender. *See* Cal. Gov't Code § 12940(j)(1). "[H]arassment in the workplace can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Rehmani v. Superior Court*, 204 Cal. App. 4th 945, 951 (2012) (internal quotation marks omitted). FEHA harassment claims can be asserted against individuals. *See* Cal. Gov't Code § 12940(j). While official employment actions do not typically constitute harassment, *see Reno v. Baird*, 18 Cal. 4th 640, 646-47 (1998), such actions are not per se shielded from harassment claims, but rather "can provide evidentiary support for a harassment claim by establishing discriminatory animus on the part of the manager responsible for the discrimination, thereby permitting the inference that rude comments or behavior by that same manager was similarly motivated by discriminatory animus." *Roby v. McKesson Corp.*, 47 Cal.4th 686, 709 (2009), *as modified* (Feb. 10, 2010). "[I]n some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim." *Id*. at 708

Defendants contend that much of Tomei's alleged conduct constitutes official employment actions. (Opp. at 13-15.) Defendants are correct. Tomei's conduct of denying Plaintiff flexibility in her work schedule, placing her on a PIP, refusing to train her, and directing another supervisor to tell Plaintiff to let a big sale opportunity go are all actions that sound in discrimination, rather than harassment. Viewing the First Amended Complaint in the light most favorable to Plaintiff, however, Defendants have not shown that there is no possibility that Plaintiff could show that Tomei's many adverse managerial actions were the means by which he harassed Plaintiff because of her gender. *See Roby*, 47 Cal. 4th at 708. His conduct must be viewed in light of his alleged remark

to Plaintiff and her female coworker that "women should use what they were born with to land business," (FAC ¶ 18(a)), which was certainly not a managerial personnel decision,[3] and in light of Plaintiff's female coworker's alleged complaint that she too was being treated differently by Tomei because of her gender, (*id*. ¶ 19).[4]

Even assuming that Plaintiff has presently failed to state a claim for harassment against Tomei, Defendants have not shown that Tomei cannot amend the pleading to state a viable harassment claim. "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (internal quotations omitted); *see also Ontiverso v. Michaels Stores, Inc.*, 2013 WL 815975, at *6 (C.D. Cal. Mar. 5, 2013) ("Even if the complaint does not allege sufficient facts to plead a viable harassment claim against [an individual defendant], [removing defendant] has not shown that the [plaintiff] could not amend to add additional allegations of harassment.") It is possible that Plaintiff could amend her complaint to provide additional allegations of harassment.[5] *Jacobson v. Swisher Int'l*, 2020 WL 1986448, at *4 (C.D. Cal. Apr. 27, 2020) (granting motion to remand in part

---

[3] Defendants argue that Tomei was "providing business advice" to Plaintiff when he made this comment, which is a "supervisory function." (Opp. at 17.) The Court disagrees.

[4] Defendants also argue that Plaintiff has failed to plead facts to support a finding that Tomei engaged in objectively offensive behavior that would alter the conditions of Plaintiff's employment and failed to plead facts to support a finding that Tomei's behavior was pervasive. (Opp. at 15-18.) Again, Defendants conflate the motion to dismiss standard with the motion to remand standard. *See Grancare*, 889 F.3d at 549. Applying the correct standard, the Court finds that it is at least possible that a state court would find Tomei's conduct pervasive and objectively offensive.

[5] Defendants argue that leave to amend should not be granted "in the fact [*sic*] of Defendants' strong evidence that Plaintiff only sued Tomei in bad faith to try to destroy diversity." (Opp. at 18.) The Court is not deciding whether to grant leave to amend here. That will be the job of Orange County Superior Court should they decide to dismiss the harassment claim against Tomei. Further, Defendants cite to no evidence supporting their bad faith allegation. Defendants also point to emails in which they highlighted deficiencies in Plaintiff's harassment claim against Tomei, arguing that leave to amend would be futile because Plaintiff failed to cure her complaint even after these email exchanges. (Opp. at 19.) Though leave to amend may be futile when a plaintiff fails to cure her complaint after a court has identified its deficiencies on a prior motion to dismiss, the same does not hold when an adversary points out those deficiencies and a court has yet to address them.

because the defendant "offered no reason for why [the plaintiff] could not amend her Complaint to add more detailed facts [of harassment]").

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. The Court hereby **REMANDS** the case to Orange County Superior Court. Consequently, the Court lacks jurisdiction to rule on Defendants' Motion to Dismiss.

DATED:   November 16, 2021

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE